UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEVEN CORNERS SHOPPING CENTER FALLS CHURCH,
VA. LIMITED PARTNERSHIP,

                          Plaintiff,            07-CV-6332

              v.
                                                **DECISION and**
                                                **ORDER**
CHESAPEAKE ENTERPRISES USA LLC d/b/a
QUIZNOS, RNS, INC., CHINTA MANI LAMICHHANE,
LALITA LAMICHHANE, KALPANA ARYAL, GAJENDRA
ARYAL, SANJAYA THAPA, BADRI LAMICHHANE,
RANJANA PANDEY, KEDAR NATH PANDEY and
NAAMAN SHABAN,

                          Defendants.
_____

## INTRODUCTION

     Plaintiff Seven Corners Shopping Center Falls Church, Va.
Limited Partnership ("plaintiff"), brings this action for breach of
contract against Chesapeake Enterprises USA LLC d/b/a Quiznos
("Quiznos"), Chinta Mani Lamichhane, Lalita Lamichhane, Kalpana
Aryal, Gajendra Aryal, Sanjaya Thapa, Badri Lamichhane, Ranjana
Pandey and Kedar Nath Pandey ("Chesapeake Enterprises defendants"),
RNS, Inc. ("RNS") and Naaman Shaban ("Shaban") (collectively
"defendants"). The Chesapeake Enterprise defendants have served
their Answer to plaintiff's complaint and have filed a cross-claim
against RNS and Shaban. Both Shaban and RNS have not appeared in
this action and on February 12, 2008, default judgments were
entered against Shaban and RNS.

     Plaintiff moves for summary judgment pursuant to Federal Rule
of Civil Procedure 56 on grounds that the Chesapeake Enterprise
defendants have failed to provide any information specifically

denying the allegations of plaintiff's complaint and have failed to raise any material questions of fact. The Chesapeake Enterprise defendants oppose the motion arguing that there are issues of material fact in dispute and that they are unable to submit affidavits regarding those disputed facts since discovery has not yet commenced in this case. Accordingly, the Chesapeake Enterprise defendants request that the Court either deny plaintiff's motion for summary judgment or issue a continuance of the motion under Rule 56(f) to allow the Chesapeake Enterprise defendants the opportunity to conduct discovery. For the reasons set forth below, I deny plaintiff's motion for summary judgment without prejudice, and grant the Chesapeake Enterprise defendants' request for continuance under Rule 56(f).

<u>**BACKGROUND**</u>

Plaintiff claims in its Complaint that pursuant to a lease entered into on or about May 17, 2004, plaintiff agreed to lease and did lease space to Quiznos at the Corners at Seven in Falls Church, Virginia (the "Premises") upon terms and conditions memorialized in the lease (the "Lease"). The term of the Lease was for the period from December 15, 2004 through March 31, 2015. On or about June 5, 2006, plaintiff, the Chesapeake Enterprise defendants, RNS and Shaban entered into an Assignment, Assumption and Amendment of the Lease Agreement (the "Assignment Agreement") whereby RNS agreed to accept full assignment of the Lease and assume responsibility for all liabilities and obligations of

Quiznos under the Lease and to observe the terms and conditions of the Lease.

According to the Complaint, the Chesapeake Enterprise defendants, RNS and Shaban agreed to be jointly and severally responsible for the performance of all the terms, conditions and covenants of the Lease, including the payment of rent and other charges, beginning upon the Commencement Date of the Lease through the remainder of the term of the Lease. In addition, pursuant to a Lease Guaranty signed on May 13, 2004 (the "2004 Guaranty"), the full and faithful performance and observation of all the covenants, terms and conditions of the Lease was guaranteed by the Chesapeake Enterprises defendants. Starting October 2006, plaintiff claims that defendants failed to pay the rental amount due under the Lease. The Chesapeake Enterprise defendants dispute this fact claiming that they were not in possession of the premises at that time and since they have not been able to conduct discovery on this issue, they have no way of knowing whether or not defendants RNS and Shaban were paying the rent. Further, in January 2007, plaintiff contends that defendants vacated the premises. Once again the Chesapeake Enterprise defendants dispute this fact claiming that they were not in possession of the premises at that time and without discovery on this issue, they have no way of knowing whether or not defendants RNS and Shaban had possession of the premises at that time. Pursuant to the Assignment Agreement and Guaranty and consistent with the Lease, in the event the Premises

are vacated, plaintiff has the right to accelerate the rent and any additional rent due through the entire lease term.

## DISCUSSION

### Federal Rule of Civil Procedure 56(f)

A threshold matter is whether the Chesapeake Enterprise defendants should be granted additional time to conduct discovery allegedly necessary to their response to plaintiff's summary judgment motion. Therefore, before considering the merits of the instant motion, the Court must first determine whether a grant of summary judgment is appropriate at this stage.

Under Rule 56(f):

> When affidavits are unavailable.  Should it appear from the affidavit of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.

The grant of relief pursuant to Rule 56(f) is within the discretion of the district court. See U.S. v. Private Sanitation Industry Association of Nassau/Suffolk, Inc., 995 F.2d 375 (2d Cir. 1993).

In this Circuit, the requirements for obtaining relief under Rule 56(f) are as follows:

> [A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir.2003) (citations omitted); Ayers v. Stewart, 101 F.3d 687 (2d Cir. 1996); see also Estevez-Yalcin v. Children's Village, 331 F.Supp.2d 170 (S.D.N.Y. 2004); Sigel v. U.S., 2003 WL 21696218 (E.D.N.Y. 2003).

A district court's decision to deny a request for additional discovery under Rule 56(f) is reviewed on appeal using the "abuse of discretion" standard. See Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir.2004). However, in this regard, it is clear that as a general rule, summary judgment is strongly disfavored where the non-moving party has had no opportunity to conduct discovery. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir.2003) ("[O]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (quoting Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000); see also Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir.2002) (If non-movant makes proper showing of need for discovery, district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion).

The Second Circuit has indicated that a Rule 56(f) application should ordinarily be granted, and discovery allowed, where the party opposing summary judgment has not had an opportunity for discovery:

> Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it

> needs discovery to be able to present facts needed to
> defend the motion, the court should defer decision of the
> motion until the party has had the opportunity to take
> discovery and rebut the motion. Accordingly, we have held
> that summary judgment should only be granted if *after
> discovery*, the nonmoving party has failed to make a
> sufficient showing on an essential element of its case
> with respect to which it has the burden of proof.

See <u>Miller</u>, 321 F.3d at 303 (emphasis in original; citations and

internal quotation marks omitted). One district court recently

noted, in connection with a Rule 56(f) application, that

> [t]here is a critical distinction ... between cases
> where a litigant opposing a motion for summary judgment
> requests a stay of that motion to conduct *additional*
> discovery and cases where that same litigant opposes a
> motion for summary judgment on the ground that it is
> entitled to an opportunity to *commence* discovery.

See <u>Crystalline H2O, Inc. v. Orminski</u>, 105 F.Supp.2d 3, 6-7

(N.D.N.Y.2000) (emphasis in original). Here, no discovery has

occurred. In addition, the Chesapeake Enterprise defendants contend

that there are issues of material fact, which would preclude

summary judgment. Specifically, the Chesapeake Enterprise

defendants dispute that rent payments were not paid from October

2006 forward; that the premises were vacated in January 2007; the

amount of late fees claimed by the plaintiff is owed; and total

amount of damages claimed by plaintiff is owed. However, the

Chesapeake Enterprise defendants argue that they are unable to

submit opposition affidavits because they sold the restaurant in

June 2006, and therefore do not have personal knowledge of the

facts alleged by plaintiff. Moreover, since they have not yet had

the opportunity to investigate those facts through discovery, they

request the Court to deny plaintiff's summary judgment or alternatively, grant a continuance under Rule 56(f) to permit the Chesapeake Enterprise defendants to conduct limited discovery on the material facts in dispute. Plaintiff opposes this argument and claims that the Court can decide the summary judgment motion on the current state of this record without the need for discovery. Alternatively, plaintiff submits that if the Court determines that discovery is appropriate, then under Rule 56(f) the Court should grant defendants sixty days to conduct very limited discovery of RNS and Shaban on the issue of whether or not rent was paid.

Upon review of the applicable law and the facts of this case, the Court concludes that summary judgment should be denied without prejudice. While plaintiff has provided detailed information concerning the breach of contract claim, a grant of summary judgment on the state of this record would be inappropriate, since the Chesapeake Enterprise defendants have not had a fair opportunity to conduct discovery. Accordingly, pursuant to Fed. R. Civ.P. 56(f) plaintiff's motions for summary judgment is denied without prejudice, to allow the Chesapeake Enterprise defendants to conduct discovery. Plaintiff may renew its application once the parties have had equal opportunity to conduct discovery. The discovery period shall be ninety (90) days to commence from the date of this order. The parties are permitted to conduct limited discovery on the issues of (1) whether rent was paid on the Premises by the defaulted defendants (Shaban and RNS) from October 2006 through January 2007; and (2) whether the Premises were

vacated in January 2007 by defaulted defendants. Any disputes regarding the scope of discovery will be determined by Magistrate Judge Marian W. Payson.

## CONCLUSION

Plaintiff's motion for summary judgment is denied without prejudice, with leave to re-file once limited discovery is complete in accordance with this Order. The request by the Chesapeake Enterprise defendants' for continuance under Rule 56(f) is granted.

**ALL OF THE ABOVE IS SO ORDERED.**


                                    s/Michael A. Telesca
                               MICHAEL A. TELESCA
                           United States District Judge

Dated:    Rochester, New York
          April 14, 2008