```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SEVEN CORNERS SHOPPING CENTER FALLS CHURCH,
VA. LIMITED PARTNERSHIP,

                         Plaintiff,            07-CV-6332
           v.
                                               DECISION and
CHESAPEAKE ENTERPRISES USA LLC d/b/a           ORDER
QUIZNOS, RNS, INC., CHINTA MANI LAMICHHANE,
LALITA LAMICHHANE, KALPANA ARYAL, GAJENDRA
ARYAL, SANJAYA THAPA, BADRI LAMICHHANE,
RANJANA PANDEY, KEDAR NATH PANDEY and
NAAMAN SHABAN,

                         Defendants.
_____
```

The procedural and factual background of this case is set forth in the Decision and Order dated March 13, 2009 ("March 13 Decision") as well as its prior decision in this matter. See Seven Corners Shopping Ctr. Falls Church, Va. Ltd. Partnership v. Chesapeake Enterprises USA LLC et seq., 2009 WL 700868 (W.D.N.Y. March 13, 2009); Seven Corners Shopping Ctr. Falls Church, Va. Ltd. Partnership v. Chesapeake Enterprises USA LLC et seq., 2008 WL 1766617 (W.D.N.Y. April 14, 2008) ("April 2008 Decision").[1] Accordingly, familiarity with those decisions are assumed. Thus, the Court will not repeat all the facts of the prior proceeding and will only address the most pertinent information as it relates to this motion for clarification.

Defendants Chesapeake Enterprises USA LLC d/b/a Quiznos ("Quiznos"), Chinta Mani Lamichhane, Lalita Lamichhane, Kalpana

---

[1] This is the Chesapeake defendants' first time to move as it relates to the summary judgment motion. However, plaintiff has filed two motions for summary judgment prior to Chesapeake defendants' filing of this motion for clarification.

Aryal, Gajendra Aryal, Sanjaya Thapa, Badri Lamichhane, Ranjana Pandey and Kedar Nath Pandey (collectively "Chesapeake defendants"), bring this motion to clarify the Court's March 13 Decision granting summary judgment in favor of plaintiff Seven Corners Shopping Center Falls Church, Va. Limited Partnership ("plaintiff") on liability issues and referring the case to Magistrate Judge Marion Payson for a hearing solely on the issue of damages. See Seven Corners Shopping Ctr., 2009 WL 700868. Specifically, the Chesapeake defendants request the Court to clarify its March 13 Decision, in particular, the Court's direction to Judge Payson to specify a) the factual issues which Judge Payson shall hear and report, and b) the availability of pre-hearing discovery. Plaintiff counters by arguing that the Chesapeake defendants' motion is a "transparent" attempt to raise, for the first time, the argument that plaintiff failed to exercise commercial reasonableness when it re-let the premises to a nail salon business after RNS, Inc. vacated the premises on or about January 1, 2007.[2]

As stated in the March 13 Decision, Judge Payson was directed to conduct a hearing regarding the amount of plaintiff's damages

---

[2]This "transparency" is evidenced in a May 4 letter sent by defendants to plaintiff stating: "Chesapeake's lead counsel seek discovery in respect to the commercial reasonableness of the landlord's efforts to re-let the premises. Included in that general description are: a) when efforts started; b) what steps were taken; c) who took those steps; d) when steps were taken; e) to whom the premises was shown; f) the terms the landlord proposed to those shown the premises; g) the course of the negotiations with the eventual new tenant; h) the lease with the new tenant; i) the reasons for the decrease in the monthly rent from the amounts paid by Chesapeake and the lesser amount paid by the current tenant plus the six (6) months rent concession; j) the terms on which the landlord rented leaseholds in the center for a reasonable time before and after the lease to the new tenant; and k) what amount were actually paid, including actual checks received/payment receipts/other records reflecting the receipt and application of payment in all forms and formats in which those records are maintained. See Affidavit of David MacKnight Ex. C.

since the Chesapeake defendants' took issue with how plaintiff had computed what was owed to it. See Seven Corners Shopping Ctr., 2009 WL 700868, at *9. However, the Court did not (and does not) direct Judge Payson to decide the commercial reasonableness of plaintiff's decision to re-let the premises to a nail salon business because at no time in any of its briefs did the Chesapeake defendants raise the issue of commercial reasonableness. See id. Instead, the Chesapeake defendants merely contended that their damages were capped at $23,063.76 since the nail salon business was observed to be operational by February 1, 2007. See id. at 8-9.

Further, as mentioned in the March 13 Decision, the Court was "reluctant to give [Chesapeake] defendants a 'second bite at the apple' given its initial non-compliance with the April 2008 Order." See id. The April 2008 Decision gave the parties an opportunity for discovery, yet the Chesapeake defendants failed to conduct any discovery during the prescribed 90-day period. In this regard, the Court did not anticipate that further discovery would be conducted by the parties in preparation for the hearing on damages before Judge Payson. Therefore, in its March 13 Decision this Court found that with respect to damages, the only issue remaining is the amount of damages plaintiff is entitled to pursuant to the Lease. See id. The Court did not (and does not) direct Judge Payson to conduct a hearing on the reasonableness of the lease terms with the nail salon.

Thus, in order to clarify, the Court's directive to Judge Payson with respect to the hearing to be conducted was and is as

3

follows: (1) to determine whether plaintiff credited the Chesapeake defendants for all rents it collected from the predecessor tenant; (2) to determine whether the Chesapeake defendants have been credited for all present and future rent that the new tenant, nail salon, agreed to pay; and (3) adjust plaintiff's accounting in accordance with (1) and (2).

Chesapeake defendants' motion to clarify is granted in part and denied in part, and the March 13 Decision is clarified as set forth above.

**ALL OF THE ABOVE IS SO ORDERED**.

                                              s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                     United States District Judge

Dated:    Rochester, New York
            July 22, 2009