UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEVEN CORNERS SHOPPING CENTER
FALLS CHURCH, VA. LIMITED
PARTNERSHIP,

                Plaintiff,        07-CV-6332

      v.                              **ORDER**

CHESAPEAKE ENTERPRISES USA LLC d/b/a
QUIZNOS, RNS, INC., CHINTA MANI
LAMICHHANE, LALITA LAMICHHANE,
KALPANA ARYAL, GAJENDA ARYAL, SANJAYA
THAPA, BADRI LAMICHHANE, RANJANA PANDEY,
KEDAR NATH PANDEY, and NAAMAN SHABAN,

                Defendants.
_____

## **INTRODUCTION**

Plaintiff, Seven Corners Shopping Center Falls Church, Va. Limited Partnership ("plaintiff"), brings this action for breach of contract against Chesapeake Enterprises USA LLC d/b/a Quiznos ("Quiznos"), Chinta Mani Lamichhane, Lalita Lamichhane, Kalpana Aryal, Gajenda Aryal, Sanjaya Thapa, Badri Lamichhane, Ranjana Pandey and Kedar Nath Pandey (collectively "defendants"), RNS, Inc. ("RNS") and Naaman Shaban ("Shaban").[1] By Order dated March 13, 2009, this Court granted plaintiff's motion for summary judgment and referred this case to Magistrate Judge Marian W. Payson to conduct a hearing on damages. See Seven Corners Shopping Ctr. Falls

---

[1] RNS and Shaban never responded to the Complaint, and a default judgment was issued against them on February 7, 2008. (Docket #24, 25).

Page -1-

Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2009 WL 700868 (W.D.N.Y. 2009) ("March 2009 Order"). The Court assumes familiarity with the procedural and factual background set forth in Judge Payson's Report and Recommendation (Docket #72), in this Court's March 2009 Order as well as the several other Orders issued by the Court in this case. See Docket #72; March 2009 Order; Seven Corners Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2008 WL 1766617 (W.D.N.Y.2008) ("April 2008 Order"); Seven Corners Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2009 WL 2180829 at *2 (W.D.N.Y.) ("July 2009 Order"). Accordingly, the Court will not repeat all the facts of this case and will only address the most pertinent information as it relates to Judge Payson's Report and Recommendation.

In her Report and Recommendation, Judge Payson recommended that this Court award damages in favor of the plaintiff in the amount of $176, 677.80. That amount consists of accelerated rental charges under the lease, and rental and escrow payments that were not paid by RNS, for which defendants are jointly and severally liable under the lease and assignment agreements, less $6.23 in unexplained legal fees. On August 20, 2010, defendants filed objections to Judge Payson's Report and Recommendation, contending that (1) Judge Payson erred in finding that defendants had waived their argument that damages should be reduced because the premises

was not delivered in the condition contemplated by the lease, because they had not plead a counterclaim for offset in the Answer to the Complaint, and (2) Judge Payson erred in admitting into evidence a summary accounting of the rental and other charges due to plaintiff, as the summary accounting was inadmissible hearsay. Defendants further argue that plaintiff failed to meet its burden of proof in establishing damages, because they did not produce any documents or records, other than the one page summary, which defendants claim is not a business record within the meaning of Rule 803(6) of the Federal Rules of Evidence.

For the reasons set forth below, this Court affirms and adopts Judge Payson's Report and Recommendation in its entirety. Accordingly, plaintiff is awarded damages in the amount of $176,677.80.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). I apply this standard to the following analysis.

## BACKGROUND

This case was referred to Judge Payson following an Order issued in favor of the Plaintiff on its second motion for summary judgment. <u>See</u> March 2009 Order. Plaintiff's first motion for summary judgement was denied because defendants had not yet conducted discovery. <u>See</u> April 2008 Order. In its April 2008 Order, this Court Ordered that defendants conduct discovery within 90 days, at which time plaintiff could renew its motion for summary judgment. Defendants failed to conduct discovery, and plaintiff's second motion for summary judgment was granted. <u>See</u> March 2009 Order. However, this Court found that issues of fact remained with respect to the amount of plaintiff's damages, and therefore, this case was referred to Judge Payson for a hearing on that issue. <u>See</u> March 2009 Order.

Following its March 2009 Order, defendants moved for clarification of that Order, asking this Court to delineate the scope of the factual issues to be addressed at the hearing and to determine whether pre-hearing discovery should be ordered. <u>See</u> Docket #51. Defendants specifically argued that plaintiff's decision to re-let the premises was not commercially reasonable, that Judge Payson should be directed to address this issue at the hearing, and that pre-hearing discovery should be permitted on this and other

issues. Id. On July 22, 2009, this Court Ordered that Judge Payson (1) determine whether plaintiff credited the defendants for rent collected from the predecessor tenant, (2) determine whether the defendants were properly credited for rent paid by the new tenant, and (3) properly adjust plaintiff's accounting for damages in accordance with (1) and (2). See July 2009 Order. The Court found defendants' argument regarding the commercial reasonableness of plaintiff's decision to re-let the premises had been waived "because at no time in any of its briefs did the...defendants raise the issue of commercial reasonableness." Id. at *1. The July 2009 Order also denied defendants' request for pre-hearing discovery because, "as mentioned in the March [2009 Order], the Court was 'reluctant to give...defendants a second bite at the apple given its initial non-compliance with the April 2008 Order." Id.

## DISCUSSION

I.  The Accounting Summary

In her Report and Recommendation, Judge Payson found that the testimony of Nicholas Vassello ("Vassello"), Director of Collections for plaintiff during the relevant period, was sufficient to establish the requisite foundation for admitting a printed accounting of the charges and expenses due under the lease into evidence, under the business record exception to the hearsay rule. See Docket #72 at 8-9; see also Fed. R. Evid. 803(6). Vassello testified that the accounting was printed from a computer program

used by plaintiff to track the status of each of its tenants accounts. See Docket #72 at 8. The computer system, known as "MRI," was updated by an employee at the time the lease was signed and each time a payment was received (or not received) from a tenant according to the terms of each particular lease. Id. Additionally, tax, maintenance, insurance, late fees and other charges allocated to tenants were manually inputted into the system. Id. Vassello then testified that, in addition to the amount reflected in the accounting ($38,815.15), defendants owed $143,492.08 under the rent acceleration clause in the lease and $415.80 to remove the storefront sign. Id. at 9-10. Vassello stated the defendants were entitled to a credit for the $6,000 security deposit and a $39 tax refund. Id. at 10. The resulting total owed was $176,684.03. Id. Judge Payson determined that Vassello's testimony and the accounting accurately reflected the amount of damages stemming from defendants breach, except that $6.23 in legal fees, which Vassello was unable to verify, should also be credited.

Defendants argue that the summary accounting is inadmissable hearsay because it was created for the sole purpose of litigation. See Defendants' Amended Exceptions at 3-5. Further, defendants argue that plaintiff presented insufficient evidence of damages because this document is inadmissible and they failed to produce the other books and records that contained this information. Id. at 5-6. This Court disagrees.

It is clear that the accounting summary was prepared "pursuant to a business duty in accordance with regular business practice," as the data entry system, MRI, is used to input data for each of plaintiff's tenants regarding the same charges that are at issue in this case. See Docket #72 at 9 (citing AT&T Corp. V. Community Network Services, Inc., 1999 WL 1267457 *5 (S.D.N.Y.)). The fact that plaintiff printed out the summary to use in connection with this litigation does not convert the business record into inadmissible hearsay. Id.  Judge Payson correctly determined that the accounting summary had "sufficient indicia of trustworthiness to be considered reliable" because the entries in MRI were entered by an employee with the business duty of entering such data into the system and the entries were made contemporaneously with the initial execution of the lease and with each charge (or credit) incurred under the lease. See Docket #72 at 9 (citing AT&T Corp. V. Community Network Services, Inc., 1999 WL 1267457 *5 (S.D.N.Y.); Potamkin Cadillac Corp. V. B.R.I. Coverage Corp., 38 F.3d 627 (2d Cir. 1994)). Accordingly, this Court finds the accounting summary is admissible under the business record exception to the hearsay rule. See Fed. R. Evid. 803(6).  Additionally, this Court finds that defendants' contention that plaintiff did not meet its burden to establish the amount of damages is without merit.  The accounting summary coupled with Vassello's testimony is sufficient evidence for

this Court to determine the amount of damages plaintiff suffered due to defendants' breach.

II. <u>Defendants' Claims for Offsets</u>

Defendants argue that the premises was not delivered as contemplated by the lease and that this fact should have been taken into account by Judge Payson when determining the amount of damages. Defendants contend that their alleged offsets are necessary facts to correctly determine plaintiff's damages. Defendants, however, did not assert these facts in their Answer to the Complaint and did not attempt to amend their answer at any time prior to this Court's summary judgment Order. Judge Payson found that defendants had waived any claim for offsets because they failed to plead such claims in their Answer to the Complaint. <u>See</u> Docket #72 at 10-12 (citing <u>Arch Ins. Co. V. Precision Stone, Inc.</u>, 584 F.3d 33, 42 (2d Cir. 2009)("[I]rrespective of whether a setoff claim is properly characterized as an affirmative defense, <u>see</u> Fed. R. Civ. P. 8(c), or a compulsory or permissive counterclaim, <u>see</u> Fed. R. Civ. P. 13, it must be set forth in the pleadings to provide a basis for relief.")(citing <u>Valley Disposal Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.</u>, 113 F.3d 357, 364 (2d Cir. 1997)("[T]he provision for '[p]ermissive' counterclaims in [Fed. R. Civ. P. 13(b)] does not mean that the defendant who chooses not to assert such a claim in his answer is permitted to assert it at his whim later in the litigation or as a postjudgment remedy of self help."))). This

Court finds that Judge Payson correctly determined that defendants waived any claim for offsets by not asserting such claims in their Answer or seeking leave to amend their Answer in order to assert any such claims prior to this Court's summary judgment Order. Accordingly, this Court finds that defendants' exceptions to Judge Payson's Report and Recommendation are without merit.

## **CONCLUSION**

For the reasons set forth above, Judge Payson's Report and Recommendation is hereby affirmed and adopted in its entirety. Defendants are hereby Ordered to pay plaintiff damages in the amount of $176,677.80 and the Clerk of the Court is hereby directed to enter judgment in favor of the plaintiff for that amount.

ALL OF THE ABOVE IS SO ORDERED.

                                                    s/ Michael A. Telesca
                                                      MICHAEL A. TELESCA
                                          United States District Judge

Dated:    Rochester, New York
            December 16, 2010