```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEVEN CORNERS SHOPPING CENTER
FALLS CHURCH, VA. LIMITED
PARTNERSHIP,

                      Plaintiff,            07-CV-6332

       v.                                   ORDER

CHESAPEAKE ENTERPRISES USA LLC d/b/a
QUIZNOS, RNS, INC., CHINTA MANI
LAMICHHANE, LALITA LAMICHHANE,
KALPANA ARYAL, GAJENDA ARYAL, SANJAYA
THAPA, BADRI LAMICHHANE, RANJANA PANDEY,
KEDAR NATH PANDEY, and NAAMAN SHABAN,

                      Defendants.
_____
```

**INTRODUCTION**

In a Decision and Order dated December 16, 2010, this Court affirmed and adopted the Report and Recommendation of Magistrate Judge Marian W. Payson, awarding the Plaintiff, Seven Corners Shopping Center Falls Church, Va. Limited Partnership ("Plaintiff"), $176,677.80, following a hearing pursuant to this Court's March 9, 2009 Order, granting summary judgment in favor of Plaintiff. See Seven Corners Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2009 WL 700868 (W.D.N.Y. 2009) ("March 2009 Order"); Seven Corners Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2010 WL 5253525 (W.D.N.Y. 2010) ("December 2010 Order").[1]

---

[1] This Court assumes familiarity with the facts and procedural background of this case as set forth in its previous decisions. See December 2010 Order; March 2009 Order; Seven Corners

Pursuant to this Court's March 2009 Order, Plaintiff now submits this application for attorney's fees and costs. Defendants, Chesapeake Enterprises USA LLC d/b/a Quiznos ("Quiznos"), Chinta Mani Lamichhane, Lalita Lamichhane, Kalpana Aryal, Gajenda Aryal, Sanjaya Thapa, Badri Lamichhane, Ranjana Pandey and Kedar Nath Pandey (collectively "Defendants"), RNS, Inc. ("RNS") and Naaman Shaban ("Shaban")[2], have not opposed the motion. For the reasons set for the below, this Court finds that Plaintiff's request of $23,624.60 in attorney's fees and costs is fair and reasonable, and Plaintiff is hereby awarded attorney's fees and costs in that amount.

The Lease Agreement and Guarantees entered into by the parties, the breach and enforcement of which, respectively, were the subjects of this litigation, provide for the payment of "reasonable attorney's fees." See Pl. Mem. of Law at 2. Plaintiff sought leave to file a motion for attorney's fees, which this Court granted in its March 2009 Order, directing Plaintiff to file such motion following this Court's determination regarding damages. See March 2009 Order. Defendants did not object to Plaintiff's initial request for attorney's fees and have not responded to the instant motion.

---

Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2008 WL 1766617 (W.D.N.Y.2008) ("April 2008 Order"); Seven Corners Shopping Ctr. Falls Church, VA. Ltd. Partnership v. Chesapeake Enter. USA LLC, et al., 2009 WL 2180829 at *2 (W.D.N.Y.) ("July 2009 Order").

[2]RNS and Shaban never responded to the Complaint, and a default judgment was issued against them on February 7, 2008. (Docket #24, 25).

In order to determine the reasonableness of the attorney's fees requested, the Second Circuit has held that,

> "[a] district court should...consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side...), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether the attorney was initially acting *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration, and other returns (such as reputation, etc.) that an attorney might expect from the representation."

See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008). The Court further suggested that the district court consider the factors outlined in the Fifth Circuit's decision in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The Johnson factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the

professional relationship with the client; and (12) awards in similar cases." Arbor, 522 F.3d at note 3 (citing Johnson, 488 F.2d at 771-719). The Second Circuit explained that these factors are used to establish a "reasonable hourly rate," which is the hourly rate that "a paying client would be willing to pay." Id. at 190.

After considering these factors, this Court finds that Plaintiff's requested attorney's fees of $23,624.60 are fair and reasonable. This Court has reviewed the Plaintiff's attorneys' Affirmation, submitted in connection with this motion, which outlines in detail the services performed, the amount of time spent on each service and the hourly rate charged for each service. Considering the factors above, this Court finds that the hours spent and the fees requested for such hours are fair and reasonable.

Plaintiff's attorneys' law firm, Woods Oviatt Gilman LLP, is well respected in the community and the skill level of its attorneys is highly regarded. While the issues in this case were not overly complex for a case involving commercial litigation, Plaintiff's attorneys were nonetheless obligated to expend a substantial amount of time and resources drafting moving papers, attending hearings, conducting discovery and researching Defendants' arguments. Plaintiff's attorneys drafted two motions for summary judgment, the first of which was denied because Defendants failed to conduct discovery. Following Plaintiff's

4

second motion for summary judgment, Plaintiff's attorneys were required to prepare for and attend a hearing on damages, as well as prepare a post-hearing brief and respond to Defendants' objections to Magistrate Payson's findings regarding damages. Ultimately, Plaintiff's breach of contract claim was successful and they were awarded the full amount of damages requested, less $6.23. This Court further notes that Defendants have not objected to the grant of attorney's fees and costs or to the amount requested.

Therefore, this Court finds that the attorney's fees and costs requested by Plaintiff in the amount of $23,624.60 are fair and reasonable and Defendants are hereby Ordered to pay Plaintiff said amount.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      s/Michael A. Telesca
                                         MICHAEL A. TELESCA
                                United States District Judge

Dated:  Rochester, New York
       February 14, 2011